## OHIO COURT OF APPEALS

### No. 444
### SAM. GLASER v. SHIFFER
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4317. April 23, 1923

LANDLORD AND TENANT—Surrender of premises—Finding of court below, affirmed.

Vickery, P. J., Sullivan and Levine, JJ.

PER CURIAM:

#### Epitomized Opinion

Error to Cleveland Municipal Court; affirmed

This action was brought by Glaser to recover rent, and the defense was an agreement between the two parties that the premises should be surrendered by Shiffer, who was a tenant, upon the verbal agreement that he should advertise and seek to get another tenant. The evidence shows that he did this, and almost immediately after the agreement to surrender was made he vacated the premises and eventually secured another tenant.

The questions were properly submitted to the jury and it found in favor of defendant Shiffer, and the court herein was unable to say that the finding was against the weight of the testimony.

Attorneys—White, Cannon & Spieth, for Shiffer; Horace Neff, contra.

---

### No. 445
### WHITEMAN v. GALVIN
Ohio Appeals, 1st Dist., Hamilton County
No. 2071. Decided May 18, 1923

FORECLOSURE—Reformation of mortgage, and judgment of foreclosure.

Chittenden, Kinkade and Richards, 8th Dist., sitting

KINKADE, J.:

#### Epitomized Opinion

Error to Hamilton Common Pleas; judgment affirmed

Flora Galvin brought an action in the Common Pleas, on two notes, to reform the mortgage given to secure them, and to enforce the mortgage as reformed, for the purpose of collecting the notes against the mortgaged property. Whiteman was defendant in that action, and filed an answer and cross-petition setting up the validity of the mortgage. The Common Pleas, Robert Le Blond, Judge, found for the plaintiff Galvin, decreed as prayed for by her, entered judgment for her on the notes, and decreed for the foreclosure of the mortgage as reformed, in the event that the notes were not paid. Error is herein prosecuted to reverse the judgment. The Court of Appeals found:

That the mortgage was a valid lien against the property; that whitman, by his contract of Aug. 16, 1920, covering the purchase of certain real estate, assumed and agreed to pay, as a part of the purchase price, the two notes aggregating $300 secured by the mortgage, and that Galvin was entitled to the decree foreclosing the mortgage lien for the payment of the notes, and that there were no errors prejudicial to the plaintiff in error, Whiteman, and affirmed the Common Pleas.

Attorneys—Burton E. Robinson, for Whiteman; O. E. Bryant and Bolsinger, Kuhn & Bonham, contra.

---

### No. 446
### ANDERSON v. BELDEN
Ohio Appeals, 9th Dist., Lorain County
No. 229. Decided April 27, 1923

PRACTICE—(1) Exclusion of improperly admitted evidence—(2) Misconduct of counsel in argument to jury.

PARDEE, J.:

#### Epitomized Opinion

Belden filed an action against Anderson, an administratrix de bonis non of the estate of Hattie B. Jenns, deceased. The suit was to recover on a promissory note alleged to have been executed and delivered to plaintiff by the deceased. After the death of the deceased Belden presented her claim to the administratrix for allowance and it was rejected. The administratrix in her answer denied that said decedent had made, signed, executed or delivered the note on which the action was based. During the trial the court permitted the introduction of testimony which was incompetent under the Ohio Statute which forbids a person to testify against an administrator of a deceased person as to facts and transactions which occurred prior to the decedent's death. When the trial court discovered his error he instructed the jury to disregard all of this evidence which had been improperly admitted. The trial resulted in a verdict and judgment for the plaintiff. The defendant prosecuted error, and also claimed misconduct on the part of the plaintiff's attorney. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Where improper evidence is withdrawn from the consideration of a jury, it is the duty of a reviewing court to ignore the error unless an examination of the entire record shows that the admission of this evidence was prejudicial.

2. The counsel in his argument to the jury must confine himself to matters in evidence and such inferences that can properly be drawn therefrom, and it is the duty of the trial judge upon request of either party, and in some instances without request of the other party to see that the argument is so restricted

Attorneys—Harry M. Redington, for Anderson; Webber, Webber & Metcalf, for Belden.

---

### No. 447

### BUFFALO MILL SUPPLY CO. v. WAVERLY, etc., CO.
Ohio Appeals, 4th Dist., Pike County
No. 51. Decided April 23, 1923

RECEIVERS—Failure to object to appointment in due time, constitutes waiver or right to object.

WASHBURN, J.:

#### Epitomized Opinion

The Waverly Grain Company became deeply indebted and finally the Buffalo Milling Company sued for money due it. The Grain Co. admitted the indebtedness, and asked the court for the appointment of a receiver. A receiver was finally appointed, and this receiver from time to time made applications to the court to borrow money to preserve the property and to issue receivers' certificates therefor. Various sums were so borrowed, the milling company acquiescing to these transactions. The various loans were given priority over the Milling Co.'s mortgage and claim, and finally after other creditors had filed cross-petitions for various sums due them, the Milling Co. filed a motion to vacate the appointment of the receiver upon the ground that the court was without jurisdiction to make the appointment in the first instance. This motion was overruled, and then the Milling Co. prosecuted error. In sustaining the lower court, the Court of Appeals held:

1. One who consents to the appointment and participates in the proceedings thereafter, and recognizes the acts of the receiver and the legality of his appointment, cannot later object to the appointment upon any ground which would have been available to prevent his appointment or secure his discharge if timely application had been made therefor.

Attorneys—C. M. Caldwell, for Milling Co.; S. D. McLaughlin, for Waverly, etc., Co.